J-S27012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINIC NAPLES | : | |
| | : | |
| Appellant | : | No. 3649 EDA 2016 |

Appeal from the PCRA Order October 19, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0701681-2001,
CP-51-CR-0706161-2001, CP-51-CR-0712461-2001,
CP-51-CR-0906271-2001

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 19, 2018**

Appellant, Dominic Naples, appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

In Appellant's direct appeal *nunc pro tunc*, we summarized the initial procedural history:

> On July 10, 2001, Appellant entered an open plea of *nolo contendere* in the matter designated CP 0011-0832, on the charge of Arson.[1]  On October 3, 2001, he also entered a plea of *nolo contendere* in the matter designated [CP 51-CR-0701681-2001, CP-51-CR-0706161-2001] to two counts of Aggravated Assault, Escape, and Burglary.  Finally, on April 16, Appellant entered an Open Guilty Plea in the matter designated [CP-51-CR-0712461-

---

[1]  The direct appeal *nunc pro tunc* encompassed Appellant's plea to arson. The arson charge is not at issue in Appellant's current PCRA petition. Commonwealth Brief at 2.

2001] and [CP-51-CR-0906271-2001], to Rape, Attempted Rape, two counts of Involuntary Deviate Sexual Intercourse [("IDSI")], two counts of Corrupting of the Morals of a Minor and Kidnapping. Following an evaluation by the Sexual Offenders Assessment Board . . . , it was determined that Appellant did not meet the criteria to be classified as a Sexually Violent Predator . . . , and on August 20, 2002, Appellant was sentenced . . . to an aggregate term of twenty-two (22) to forty-five (45) years of incarceration.

**Commonwealth v. Naples**, 931 A.2d 50, 1983 EDA 2005 (Pa. Super. 2007) (unpublished memorandum at 1–2). Appellant did not file a direct appeal. On July 1, 2003, he filed his first PCRA petition. Appointed counsel filed an Amended Petition and a Supplemental Amended Petition, following which the PCRA court granted Appellant's request to reinstate his post-sentence rights *nunc pro tunc* on February 10, 2005. Appellant filed post-sentence motions *nunc pro tunc*, which were denied, followed by a notice of appeal *nunc pro tunc*. We affirmed Appellant's judgment of sentence on June 13, 2007, and our Supreme Court denied further review on December 18, 2007. **Id**., *appeal denied*, **Commonwealth v. Naples**, 939 A.2d 890, 329 EAL 2007 (Pa. 2007).

Appellant timely filed a PCRA petition on July 16, 2008.[2] The PCRA court appointed counsel, who filed amended and supplemental amended PCRA petitions. Following an evidentiary hearing, the PCRA court dismissed

---

[2] Because Appellant's first PCRA petition resulted in the restoration of his direct appeal rights, the second PCRA petition properly was treated as his first petition. **See Commonwealth v. Turner**, 73 A.3d 1283, 1286 (Pa. Super. 2013) ("[W]hen a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes.").

Appellant's PCRA petition on June 8, 2012.  Appellant filed a timely appeal to this Court.  We affirmed the dismissal of Appellant's PCRA petition on September 24, 2013, and our Supreme Court denied further review. *Commonwealth v. Naples*, 87 A.3d 390, 1842 EDA 2012 (Pa. Super. 2013) (unpublished memorandum), *appeal dismissed*, *Commonwealth v. Naples*, 92 A.3d 811, 640 EAL 2013 (Pa. 2014).

Appellant filed the instant *pro se* PCRA petition, effectively his second, on July 14, 2014.  He filed a *pro se* supplemental petition on March 18, 2015, and after obtaining leave of court, a *pro se* supplemental amended petition on March 1, 2016.  Inexplicably, the PCRA court appointed counsel,[3] who ultimately filed, on July 28, 2016, a petition to withdraw as counsel and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  The PCRA court agreed with counsel that the PCRA petition was untimely and no exceptions applied and issued a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.  Order, 9/19/16.

---

[3] Counsel need not have been appointed in this second PCRA proceeding, as this is not a first-time petition in which Appellant has a rule-based right to counsel.  *See* Pa.R.Crim.P. 904(C) ("[T]he judge shall appoint counsel to represent the defendant on the defendant's **first** petition for post-conviction collateral relief.")(emphasis added); *Commonwealth v. Figueroa*, 29 A.3d 1177, 1181 (Pa. Super. 2011) (it is undisputed that first-time PCRA petitioners have a rule-based right to counsel).

Appellant filed responses to the PCRA court's Rule 907 notice on October 14, 2016, and October 19, 2016. Response, 10/14/16; Response, 10/19/16. The PCRA court granted counsel's request to withdraw as counsel and dismissed the PCRA petition on October 19, 2016. Order, 10/19/16. Appellant filed a timely notice of appeal;[4] both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

We summarized the facts of the crimes in the *nunc pro tunc* direct appeal, as follows:

> The facts underlying the instant cases are as follows: . . . Appellant . . . cut the gas line directly linked to the stove in his apartment, which caused a massive explosion and fire, and $54,000 worth of property damage. [CP 51-CR-0701681-2001, and CP-51-CR-0706161-2001] involve Appellant's attempted escape from his preliminary hearing and subsequent assault of two law enforcement officers. [CP-51-CR-0906271-2001]

---

[4] On June 21, 2017, the Superior Court Prothonotary issued a rule to show cause why the appeal should not be quashed, noting that the PCRA court entered four separate orders dismissing the PCRA petition, and Appellant, on November 15, 2016, filed one *pro se* notice of appeal listing four trial court docket numbers. Appellant filed two responses. Thereafter, on August 21, 2017, this Court filed a *per curiam* order stating, in part, that the amended notices of appeal attached to Appellant's *pro se* Motion for Permission to File Amended Notice of Appeal were "hereby accepted" and directing our Prothonotary to forward copies of the amended notices of appeal to the PCRA court and Office of Judicial Records. Order, 8/21/17.

For the reasons stated in Appellant's response, and in light of the filing of the amended notices of appeal, we conclude the appeal properly is before us. We further note that **Commonwealth v. Walker**, 2018 WL 2448643, ___ A.3d ___ (Pa. 2018)(filed June 1, 2018), where our Supreme Court held that a single notice of appeal does not suffice for appeals from multiple dockets, is not applicable. The **Walker** Court held that its decision shall apply prospectively, and it was filed ten months **after** this Court's acceptance of the amended notices of appeal in this case.

involved Appellant's luring of the nine year old victim into an abandoned factory. Once inside, Appellant had the victim take off her clothes and he removed his own pants. Appellant then laid on top of the nine-year-old and attempted to place his penis into her vagina. Finally, [CP-51-CR-0712461-2001] involved the [r]ape of the twelve-year-old victim. Appellant was a friend of the victim's brother, and while driving the girl to school, Appellant drove to a secluded path and attempted to kiss her. When the victim refused, Appellant threatened her that he had a razor, and proceeded to place his penis into her anus.

***Naples***, 1983 EDA 2005 (unpublished memorandum at 2).

Preliminarily, we note that Appellant has failed to comply with our appellate rules in a significant way. "Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017); Pa.R.A.P. 2101. "Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Id***.

Appellant's brief fails to comply with Pa.R.A.P. 2116(a). That rule requires a Statement of Questions Involved, and notably, demands that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Despite this admonition, we have chosen to overlook the defect in this case and consider the claims that we are able to discern from the argument section of Appellant's brief.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)).  This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error.  **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016).  The PCRA court's findings will not be disturbed unless there is no support for them in the certified record.  **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014).

In order to be considered timely, a first, or any subsequent PCRA petition, must be filed within one year of the date the petitioner's judgment of sentence becomes final.  42 Pa.C.S. § 9545(b)(1).  The PCRA's time-for-filing requirements are mandatory and jurisdictional in nature, and a court may not ignore them in order to reach the merits of the petition. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016).  For purposes of the PCRA, a judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3).

As noted *supra*, when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, as here, a subsequent PCRA

petition will be considered a first PCRA petition for timeliness purposes. **Turner**, 73 A.3d at 1286. In effect, the time for filing a PCRA petition is "restarted." **Id**. Here, we affirmed Appellant's judgment of sentence in his *nunc pro tunc* appeal on June 13, 2007, and the Pennsylvania Supreme Court denied further review on December 18, 2007. **Naples**, 1983 EDA 2005 (unpublished memorandum), *appeal denied*, **Naples**, 329 EAL 2007. The time for seeking review in the Supreme Court of the United States expired on March 18, 2008,[5] ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 18, 2007. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thus, Appellant's judgment of sentence became final on March 18, 2008, and in order to be timely under the PCRA, Appellant was required to file his PCRA petition on or before March 18, 2009. Because Appellant did not file the instant PCRA petition until July 14, 2014, more than six years after his judgment of sentence became final, the petition is patently untimely.

If a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under three limited exceptions to the timeliness

---

[5] The ninetieth day fell on Sunday, March 17, 2008; however, when the last day of any time period referred to in a statute falls on a Sunday, we omit that day from the computation. 1 Pa.C.S. § 1908. **Commonwealth v. Davis**, 86 A.3d 883 (Pa. Super. 2014).

requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1).[6] If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Commonwealth v. Carr**, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Appellant first attempts to raise legality challenges to his sentences. Appellant's Brief at 14–20. "[A] legality of sentence claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies. . . ." **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014). Appellant initially avers that the sentencing orders conflict

---

[6] The exceptions to the timeliness requirement are:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

with the trial court's statements at the sentencing hearing, and he did not realize the trial court had not imposed mandatory minimum sentences. Appellant's Brief at 14.

We reject his claim that this qualifies as a previously unknown fact. Appellant's Brief at 14. The sentencing transcript and the sentencing orders are part of the original record and could have been reviewed in the past sixteen years since the entry of his pleas in 2001 and subsequent sentencing. Thus, Appellant could have ascertained any such claim by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii). This contention does not provide a basis for overcoming the untimeliness of his PCRA petition because it is apparent from the sixteen-year delay that Appellant failed to seek out the information in a duly diligent manner. *See Commonwealth v. Robinson*, ___ A.3d ___, 2018 PA Super 109, *8 (Pa. Super. filed May 2, 2018) (*en banc*) ("Due diligence demands that the petitioner take reasonable steps to protect his own interests.").

Moreover, Appellant acknowledges that the transcript "reads as described" by the PCRA court, but he fails to identify where such reference can be found. Appellant's Brief at 14. "It is an appellant's duty to ensure that the certified record is complete for purposes of review." *Commonwealth v. Reed*, 971 A.2d 1216, 1219 (Pa. 2009). It is not this Court's responsibility to comb through the record seeking the factual underpinnings of a claim. *Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014). In

addition, this Court has stated that a "[f]ailure to ensure that the record provides sufficient information to conduct a meaningful review constitutes waiver of the issue sought to be reviewed." **Commonwealth v. Lopez**, 57 A.3d 74, 82 (Pa. Super. 2012). This issue is waived, and even if not waived, for reasons cited above, it lacks merit.

Appellant's second and third claims, regarding the propriety of his sentences for burglary and escape, Appellant's Brief at 16–18, and the applicability of **Alleyne v. United States**, 570 U.S. 99 (2013) to his case, Appellant's Brief at 19–20, were addressed by the PCRA court in its Pa.R.A.P. 1925(a) opinion. In disposing of these claims, we rely on the PCRA court's rationale as if it were our own.

Appellant's fourth claim suggests that "the ADA at the PCRA evidentiary hearing[7] committed fraud when it presented false evidence. . . ." Appellant's Brief at 21. Appellant fails to assert applicability of an exception to the PCRA time bar. Moreover, Appellant has failed to include any references or citations to the notes of testimony from any evidentiary hearing or citations to relevant case law in support of his claim. **Id**. Indeed, Appellant fails even to identify the "false evidence" to which he refers. For these reasons, we conclude that the issue is waived. **See Commonwealth v. Fransen**, 42 A.3d 1100, 1116

---

[7] We assume Appellant is referencing the evidentiary hearing relating to his prior PCRA petition, because the instant PCRA petition was dismissed without a hearing.

n.14 (Pa. Super. 2012) (citing **Commonwealth v. Einhorn**, 911 A.2d 960, 970 (Pa. Super. 2006)) (concluding, *inter alia*, that a claim is waived for failure to direct this Court's attention to that part of the record substantiating it); **see also** Pa.R.A.P. 2119(c) ("If reference is made to . . . any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears."). As noted *supra,* this Court will not comb through the record seeking the factual underpinnings of a claim. **Samuel**, 102 A.3d at 1005.

Appellant's final issue suggests the PCRA court erred in dismissing his PCRA petition without a hearing. In particular, he complains as follows:

> In Appellant[']s petition, he stated that his appellate attorney, Mr. John Cotter, asked Appellant if he would like his file returned at the conclusion of his representation. Appellant, believing that Mr. Cotter would merely be returning the file that he himself had provided Mr. Cotter, agreed. When the parcel arrived at the State Correctional Institute at Fayette, the authorities at the institution told Appellant that he could not have this parcel for security reasons due to it containing computer disks, metal clips, etc. The institution gave Appellant two options: Ship or destroy. Appellant only had one person he could send it to, so he sent it to his Uncle. Appellant's uncle refused to return this parcel to Appellant despite Appellant[']s multiple requests. As Appellant had no idea of what was in this parcel, and because Mr. Cotter ignored all of Appellant's inquiries, Appellant was without any recourse in getting this material.

Appellant's Brief at 22–23.

Appellant suggests the PCRA court "did not consider the facts as set forth by Appellant in consideration of the question as to if Appellant met one

of the exceptions for the PCRA time bar." Appellant's Brief at 23. Appellant does not identify to which exception of the PCRA time bar he is referring. We determine that it qualifies for none. The issue has no merit.

We conclude that the PCRA court properly dismissed Appellant's PCRA petition without a hearing. For the reasons stated herein, and in reliance on the PCRA court's opinion,[8] we affirm the untimeliness of Appellant's petition and the absence of applicability of any exception. Because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claim raised in the PCRA petition. *See Commonwealth v. Bennett* 930 A.2d 1264, 1267 (Pa. 2007) ("Jurisdictional time limits go to a court's right of competency to adjudicate a controversy.").

Order affirmed.

---

[8] We direct the parties to attach a copy of the PCRA court's opinion in the event of future proceedings in this matter.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/18

**FILED**

JAN 18 2017

Appeals/Post Trial
Office of Judicial Record

### IN THE COURT OF COMMON PLEAS
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION – CRIMINAL SECTION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-51-CR-0701681-2001 |
| | : | CP-51-CR-0706161-2001 |
| v. | : | CP-51-CR-0712461-2001 |
| | : | CP-51-CR-0906271-2001 |
| | : | |
| DOMINC NAPLES | : | SUPERIOR COURT |
| | : | NO. 3649 EDA 2016 |

### OPINION PURSUANT TO PA.R.A.P. 1925(a)

MAZZOLA, WILLIAM, J.                    ~~DECEMBER~~ January 18 ~~2016~~ 2017

This is a *pro se* appeal from the denial of the defendant Dominic Naples' third petition

for relief under the Post Conviction Relief Act, *42 Pa.C.S. § 9541 et seq.,* hereinafter the *PCRA.*

In his *Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b),* he states the

issues in much the same ways he stated his underlying allegations in support of his claim of

ineffective assistance of prior counsel, which will be set forth and discussed in detail *infra.* In

that discussion, however, it will become abundantly clear that the present petition was untimely

filed, no exceptions to the *PCRA* timely filing requirements apply, and those underlying claims

are completely meritless or have been previously litigated or waived, with the exception of his

one claim that he is serving an illegal sentence pursuant to, *inter alia,* the decision in *Alleyne v.*

*United States, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013),* which proscribed certain mandatory

minimum sentencing statutes and rendered a number of Pennsylvania's unconstitutional. But

even if those rulings were in effect at the time he was sentenced, he would still not be entitled to

any relief because he was not, in fact, given any mandatory sentences.

The histories of his cases and his present proceeding were thoroughly set forth in the

courts' opinions in his previous appeals and his latest appointed *PCRA* counsel's letter brief filed

in the present one in compliance with the ruling in *Pennsylvania v. Finley, 481 U.S. 551, 107*

1

*S.Ct. 1990, 95 L.Ed.2d 539 (1987),* which was that appointed counsel in postconviction proceedings could withdraw after having reviewed the trial court record, consulted with the petitioner, and written to the trial court to inform it that there was no arguable basis for collateral relief and to request permission to do so. In its opinion in the appeal from the dismissal of the defendant's second *PCRA* petition, this Court addressed it as if it was his first, but in his actual first *PCRA* petition he requested and had been granted reinstatement of his post sentence motion rights following which his *nunc pro tunc* post sentence motion was denied, and his judgment of sentence was affirmed in the ensuing direct appeal. Thus, in its *Pa.R.A.P. 1925(a)* opinion filed in his appeal of the denial of his last previous *PCRA* petition the *PCRA* court referred to it as his second, and in the *Finley* letter counsel referred to the one presently at issue as his third.

Appellant, Dominic Naples, appeals from the June 8, 2012 order, dismissing his petition filed pursuant to the [*PCRA*]. After careful review, we affirm on the basis of the well-reasoned PCRA court opinion.

The relevant facts, as set forth by a prior panel of this Court on direct appeal, are as follows.

> CP 0011–0832 involved an [a]rson committed by [Appellant] whereby he cut the gas line directly linked to the stove in his apartment, which caused a massive explosion and fire, and $54,000 worth of property damage. CP 0107-0168 & 0616 involve[d] [Appellant's] attempted escape from his preliminary hearing and subsequent assault of two law enforcement officers. CP 0109-0627 involved [Appellant's] luring of [the] nine[-]year[-]old [victim] into an abandoned factory. Once inside, [Appellant] had the victim take off her clothes and he removed his own pants. [Appellant] then laid on top of the nine-year-old and attempted to place his penis into her vagina. Finally, CP 0107-1246 involved the [r]ape of a twelve-year-old [victim]. [Appellant] was a friend of the [victim's] brother, and while driving the girl to school, [Appellant] drove to a secluded path and attempted to kiss her. When [the victim] refused, [Appellant] threatened her that he had a razor, and proceeded to put his penis in her anus.

*Commonwealth v. Naples,* 931 A.2d 50 (Pa.Super.2007) (unpublished memorandum at 2), *appeal denied,* 939 A.2d 890 (Pa.2007) ...

2

The PCRA court summarized the pertinent procedural history of this case as follows.

> [Appellant] had entered a negotiated plea of *nolo contendere* to a charge of arson on July 10, 2001 (case no. CP–51–CR–1108321–2000), open pleas of *nolo contendere* to charges of aggravated assault (two counts), escape and burglary on October 3, 2001 (cases no. CP–51–CR–0701681 & 0706161–2001), and open guilty pleas to rape and related charges on April 16, 2002 (cases numbered in the above caption), arising out of separate and unconnected incidents, except that the assault related charges arose from [Appellant's] attempt to escape at his preliminary hearing in the arson case. The cases were consolidated for sentencing pursuant to *Pa.R.Crim.P. 701*. On August 20, 2002, [Appellant] was found not to qualify as a Sexually Violent Predator (SVP) and was sentenced to four concurrent terms of incarceration amounting to an aggregate of ten (10) to twenty (20) years for the charges in the two rape cases, and to additional concurrent terms for the other charges to run consecutively thereto, one being the negotiated sentence for the arson, aggregating to twenty-two (22[½] ) to forty-five (45) years. Though the record is a little unclear in some places where the pleadings or evidence refer to all of the five cases and seven sentences, it will be seen that the present proceedings are solely directed to the aggregate sentences for the two rape cases. While all of [Appellant's] pleas and judgments of sentence were challenged in the post sentence motion and included in the direct appeal, here [Appellant] only requested resentencing for those rape charges.
>
> Following sentencing, [Appellant] filed a "Motion to Withdraw and Vacate Guilty Plea" *pro se* on August 26, 2002, which was dismissed by operation of law on December 30, 200[2], and no appeal was filed. In [said motion], [Appellant] claimed that his pleas were not intentional, knowing or voluntary, that he was led to believe by the [trial] court and his counsel that he would enter them in exchange for unspecified other charges being dismissed, but they were not, and he did not understand that by entering them he would be unable to appeal from the denial of his motion to suppress or obtain a trial *de novo*. However, it was subsequently ruled in the appeal that his pleas were intentional, knowing and voluntary and that he was advised of the affects his pleas would have on his appeal rights, and all other charges to which he did not plea were dropped and there was no motion to suppress, and none of those were included in this PCRA proceeding. [Appellant] filed his first PCRA petition *pro se* on June 1, 2003, new counsel, [John P. Cotter, Esquire (Attorney Cotter),] was appointed who filed an amended and a supplemental amended petition [on June 21, 2004 and August 17, 2004, respectively], and his post sentence rights were reinstated in February of 2005.

3

On February 11, 2005, Appellant filed timely post-sentence motions *nunc pro tunc*, which were denied by the trial court on June 28, 2005. Appellant subsequently appealed, and on June 13, 2007, this Court affirmed Appellant's judgment of sentence. *See Naples, supra.* Thereafter, Appellant filed a petition for allowance of appeal that was denied by our Supreme Court on December 18, 2007. *Id.*

On July 16, 2008, Appellant filed a timely *pro se* PCRA petition raising, *inter alia,* claims of ineffective assistance of trial and appellate counsel. Elayne C. Bryn, Esquire (Attorney Byrn) was appointed to represent Appellant, and filed amended and supplemental amended PCRA petitions on Appellant's behalf on October 21, 2009, and January 6, 2011, respectively. On June 7, 2012, the PCRA court commenced evidentiary hearings on Appellant's petition.

Following a two-day hearing, the PCRA court dismissed Appellant's petition by order dated June 8, 2012. This timely appeal followed on June 29, 2012.

On appeal, Appellant raises the following issues for our review.

> I. [Whether] [a]ppellate counsel was ineffective in failing to properly comply with *Pa.R.A.P. 2119(f)* and *Pa.R.A.P. 1925(b)* which resulted in a waiver of a meritorious sentencing issue[?]

> II. [Whether] [t]rial was ineffective for not adequately communicating a plea offer of 5 to 15 years[?]

*Commonwealth v. Naples, 87 A.3d 390 (unpublished memorandum)* (citations to the record and footnote omitted), *No. 1842 EDA 2012, 2013 WL 11254723 at \*1–2 (Pa.Super. 2013)* (decided September, 24, 2013), *reargument denied Dec. 5, 2013, appeal denied, 625 Pa. 658, 92 A.3d 811 (2014).*[1] The appeal was denied on May 21, 2014, and the defendant did not seek further review.

He commenced the present proceedings by filing a *pro se* petition on July 14, 2014. He filed a *pro se* supplemental petition on March 18, 2015, and after being granted leave to further supplement it, he filed a *pro se* "Supplemental-Amended" petition on March 1, 2016. In the meantime, the court had appointed James R. Lloyd III as counsel who filed the *Finley* letter brief on July 28, 2016. In it counsel stated that he had reviewed all of the defendant's *PCRA* filings and other records and communicated with the defendant extensively regarding his claims and,

---

[1] The arson case is not included in the present proceedings.

4

after he presented a thorough factual and legal review and discussion of them, he concluded:

> Undersigned counsel has conducted a thorough, independent review of the trial, sentencing, direct appellate, and PCRA records in this matter in an effort to identify any potentially meritorious claim under the PCRA. However, in light of the totality of the circumstances, and applicable law, the undersigned concludes that any reviewing court applying Pennsylvania law would hold that petitioner's allegations regarding the claims discussed herein do not warrant relief under the PCRA.

> A careful review of the record and controlling law leads me to conclude that there are no other issues that possess arguable merit. For the reasons set forth *supra*, I respectfully submit that I am unable to ethically file an amended petition on Mr. Naples' behalf because the petition at issue is not timely filed and no exception to the jurisdictional time bar applies.

The court unreservedly agreed with counsel's assessment, issued a *Pa.R.Crim.P. 907* notice of intention to dismiss based upon it on September 19th, to which the defendant responded *pro se* on October 14th and 19th, which only consisted of reassertions of his belief in the meritoriousness of all of his claims and a denunciation of counsel's *Finley* assessment, the court formally dismissed the petition on the latter date, and this appeal followed on November 15th.

In the present *pro se* petition, in the eligibility-for-relief section of the commonly used prison supplied *PCRA* petition form he employed, the defendant checked off the boxes listing the claims being presented as constitutional law violations, ineffective assistance of counsel and an unlawfully induced plea of guilty, but the stated factual bases for them were that "The mandatory minimum sentence(s) as applied to my cases have been ruled unconstitutional; The Alford plea tendered was unknowing and unintelligent due to there being no factual basis for plea [*sic*]; the Courts [*sic*] statement it did not know what an Alford Plea was." He is not eligible for relief on the latter two bases because, of course, the claim of a legally faulty plea was previously litigated and adversely ruled upon in his direct appeal, and, therefore cannot be a basis in support of an illegal sentence claim. "Further, Appellant must demonstrate that the issues raised in his PCRA petition have not been previously litigated or waived, and that 'the failure to litigate the issue

5

prior to or during trial or on direct appeal could not have been the result of any rational strategic or tactical decision by counsel.' [*Commonwealth v.*] *Washington,* [*592 Pa. 689,*] *927 A.2d* [*586 (2007)*] *at 593* (citing *42 Pa.C.S. §§ 9543(a)(3), (4)*)." *Commonwealth v. Steele, 599 Pa. 341, 961 A.2d 786, 796 (2008).* His supplemental petition consisted of a garrulous twenty page history of his cases and a convoluted legal discussion of why his sentences were illegal. He alleged that "The Commonwealth gave notice within the Bill of Information, the Arraignment, and at Sentencing; that it was proceeding under the Mandatory Minimum statute at 42 Pa.C.S.A. Section 9718(A)(1) and (2) for the charges found at CP-51-CR-0712461-2001 and CP-51-CR-0906271-2001." The former included the rape and IDSI and the latter the attempted rape and IDSI. However, at the time of his sentencing, *§§ 9718(A)(1)* and *(2)* provided for minimums and maximums of five to ten years, which is what the prosecutor did request the court to impose, and which had been adjudicated constitutional (*Commonwealth v. Chmiel, 416 Pa. Super. 235, 610 A.2d 1058, 1061 (1992), appeal denied, 535 Pa. 613, 629 A.2d 1376 (1993), cert. denied, Chmiel v. Pennsylvania, 510 U.S. 1013, 114 S. Ct. 605, 126 L. Ed. 2d 569 (1993)*). The court, however, sentenced him to ten to twenty for each offense, based on aggravating factors, and without any reference to the mandatories, which, coincidently, the statute presently does provide but which has been declared unconstitutional (*Commonwealth v. Wolfe, 140 A.3d 651 (Pa. 2016)*) based upon *Alleyne* and *Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).* He then noted that his appointed trial counsel had filed a motion to preclude application of the mandatory minimum sentencing statutes because they were unconstitutional which was not ruled upon. It was not ruled upon because it became moot once the sentencing court opted not to apply any mandatories. The only thing relevant to the present illegal sentence claim was the citation to the *Alleyne* decision, and other cases applying it, in which the Court

6

... held that any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt. *See Alleyne, —— U.S. at ——, 133 S.Ct. at 2163.* The effect was to invalidate a range of Pennsylvania sentencing statutes predicating mandatory minimum penalties upon non-elemental facts and requiring such facts to be determined by a preponderance of the evidence at sentencing. *See, e.g., Commonwealth v. Hopkins, —— Pa. ——, ——, 117 A.3d 247, 262 (2015)* (holding that *Section 6317 of the Crimes Code, 18 Pa.C.S. § 6317*—which predicates a mandatory minimum sentence [for violations of drug laws in drug-free school zones] upon a fact to be determined by a preponderance at sentencing—was constitutionally infirm, under *Alleyne* ).

*Commonwealth v. Washington, 142 A.3d 810, 812 (Pa. 2016)* (holding that defendant not entitled to relief from judgment which became final prior to the *Alleyne* and *Apprendi* decisions which encompassed sentences under *42 Pa.C.S. § 9712(a)* requiring imposition of a mandatory minimum sentence for crimes of violence involving the visible possession of a firearm placing a victim in fear of death or serious bodily injury ruled unconstitutional in *Commonwealth v. Valentine, 101 A.3d 801, 2014 Pa. Super. 220 (2014)*). The Court also ruled that those decisions did not apply retroactively.

There is no question that this Court has had some difficulty defining the contours of "illegality" in the abstract for purposes of the issue preservation doctrine. Any remaining uncertainty in this regard, however, does not affect our analysis, above and below. Again, if a new constitutional rule does not apply, it cannot render an otherwise final sentence illegal.

*Id. at 815* citation and footnote omitted). Thus, his claims that the ruling in *Alleyne* is retroactively applicable and in light of which he is serving an unconstitutional mandatory minimum sentence are patently incorrect. "We hold that *Alleyne* does not apply retroactively to cases pending on collateral review, and that Appellant's judgment of sentence, therefore, is not illegal on account of *Alleyne*." (*Id. at 820*), and, again, he was not given any mandatory sentences. The amended petition consisted of an even more verbose diatribe of seventy-six pages, again challenging the legality of his sentences on the same bases. In the *Finley* brief, counsel amply categorized all of his claimed bases as:

7

• in light of, *inter alia*, the [*Alleyne* decision], petitioner is serving an illegal, unconstitutional mandatory minimum sentence;

• petitioner's pleas were not knowing, intelligent and voluntary because there was no factual basis for the pleas;

• C.F. will testify that petitioner never attempted to rape her;

• the sentences imposed for the charges of burglary and escape are illegal because a sentence cannot be imposed for the crime of burglary and the crime which one intended to commit upon entering the property burglarized;

• the Third Petition is timely because it asserts a newly recognized constitutional right as a result of the *Alleyne* decision;

• the ADA at the PCRA evidentiary hearing committed "fraud" while arguing that the Third Petition should be dismissed;

• the sentences for rape and IDSI are illegal insofar as they arise from a "single act of penetration" and are required to merge;

• the trial court did not have jurisdiction to accept petitioner's plea on the Attempted Rape case because petitioner, aged 18 years and 3 months at the time the crime was committed, was on juvenile probation at that time and less than 21 years of age;

• that petitioner's pleas on the Assault and Escape cases were unlawfully procured by fraud through the Commonwealth because the ADA agreed to downgrade the aggravated assault charges in each case from 1st degree felonies to 2nd degree felonies, but the aggravated assaults were already graded as 2nd degree felonies. Petitioner claims that this claim is timely because the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence as the necessary paperwork was in the possession of petitioner's uncle for 14 years but petitioner had a falling out with his uncle after requesting that those documents be sent to him by Attorney Cotter.

Giving the defendant the benefit of the doubt, the court assumes that the last sentence was his attempt to meet one of the exceptions to the timely filing requirements of the *PCRA*, that "... the failure to raise the claim previously was [because] the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence ..." (*§ 9545(b)(1)(ii)*), and was intended by him to be applicable to all of the stated bases for the claim, and that the mandatory sentencing claim is, though disjointly stated, that his prior counsel rendered ineffective assistance in failing to object to, and otherwise challenge the legality of, his sentences. His attempt to meet the timeliness exception with regard to that claim is that *Alleyne* represented a subsequently recognized retroactive constitutional right under *§ 9545(b)(1)(iii)*, he was not entitled to file a third *PCRA* petition asserting a claim based upon it

8

until the completion of his appeal from the denial of his previous petition, and he filed the present petition within sixty days of the denial of his request for *allocatur* as allowed by *§ 9545(b)(2)*. With regard to all of the other stated bases for the claim, they can be summarily disposed of by simply noting that they were completely unsupported by any citations to any evidence, either of record or not, were either previously litigated or waived, and are patently frivolous on their face. If any of his prior counsel failed to assert those bases at sentencing or in the direct appeal they should have been asserted in his prior *PCRA* proceedings, and if they were not, they have been waived. It is not necessary to ascertain which. "Appellant cannot obtain post conviction review of claims previously litigated on appeal by presenting new theories of relief to support the previously litigated claims. *Commonwealth v. Stokes, 576 Pa. 299, 304-05, 839 A.2d 226, 229 (2003)." Commonwealth v. Brown, 582 Pa. 461, 872 A.2d 1139, 1145 (2005)*. In addition, in view of the extensive history of the litigation in his cases, *Finley* counsel's assessment of his unascertainable facts allegation is suitably germane:

> [The] facts [with regard to the falling out with his uncle] are not sufficient to successfully invoke the time bar exception under § 9545(b)(1)(ii). Petitioner filed not one, but two, timely *pro se* PCRA petitions. He was represented by two different court appointed attorneys with respect to each PCRA petition. Both attorneys communicated with petitioner and filed amended petitions on behalf of petitioner. Notably, the document at issue – *i.e.*, the criminal complaint – was in the possession of the first of these attorneys, Attorney Cotter, according to the Third Petition. Further, at the conclusion of his representation of petitioner, Attorney Cotter forwarded the necessary documents and his entire file to petitioner's family member at petitioner's direction. Accordingly, the criminal complaint could [ ] have been found, and this claim ascertained, by the exercise of due diligence. This fact is fatal to a claim that the time bar exception of § 9545(b)(1)(ii) is applicable to the matter *sub judice*.

Thus, the only issue that actually needs to be addressed here is the only newly raised basis for the present ineffective assistance claim, the ruling in *Alleyne* and its applicability.

This Court addressed the burdens of pleading and proof borne by *PCRA* petitioners, the standards trial courts are to employ in assessing and ruling upon their claims, and the courts'

9

scope and standard of review with regard to the those evaluations in its memorandum in the previous appeal, and its and the *PCRA* court's evaluations and rulings on the underlying claims therein are also relevant to the present issue.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Koehler, 36 A.3d 121, 131 (Pa.2012)* (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Id.* In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at *42 Pa.C.S.A. § 9543(a)(2)*. These issues must be neither previously litigated nor waived. *42 Pa.C.S.A. § 9543(a)(3)*. "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Commonwealth v. Spotz, 18 A.3d 244, 259 (Pa.2011)* (citation omitted). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." *Id.*

As noted, Appellant argues his appellate counsel was ineffective for failing to properly raise a challenge to the discretionary aspects of sentencing for appellate review [and] his trial counsel ... by failing to properly convey to him the Commonwealth's plea offer of five to 15 year's imprisonment.

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *42 Pa.C.S.A. § 9543(a)(2)(ii)*. A petitioner must establish "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) Appellant was prejudiced by counsel's act or omission." *Koehler, supra at 132, citing Commonwealth v. Pierce, 527 A.2d 973, 975 (Pa.1987)*. "Counsel is presumed to be effective and Appellant has the burden of proving otherwise." *Commonwealth v. Rivers, 786 A.2d 923, 927 (Pa.2001)* (citations omitted). Furthermore, "[i]f an appellant fails to prove by a preponderance of the evidence any of the ... prongs, the Court need not address the remaining prongs of the test." *Commonwealth v. Fitzgerald, 979 A.2d 908, 911 (Pa.Super.2009), appeal denied, 990 A.2d 727 (Pa.2010)*.

In the instant matter, the PCRA court authored an extensive, 22–page opinion that thoroughly analyzed Appellant's ineffectiveness claims and concluded they were either waived or devoid of merit. Upon careful review of the record, including the parties' respective briefs and the applicable law, and in light of this Court's scope and standard of review, we agree with the PCRA court's determinations.

10

Specifically, we agree with the PCRA court that Appellant's contention his appellate counsel was ineffective for failing to properly raise a challenge to the discretionary aspects of sentencing is waived. As recognized by the PCRA court, the record clearly indicates that Appellant waived said claim by (1) failing to specify in his *Pa.R.A.P. 1925(b)* statement how prior counsel purportedly was ineffective; (2) failing to adequately develop this claim in his pleadings; and (3) failing to properly develop this claim on appeal by including discussion and citation and relevant authorities in his brief.

Moreover, we discern no error on the part of the PCRA court in concluding that Appellant's claim his trial counsel was ineffective for failing to convey a plea offer was meritless, as the record indicates that counsel did, in fact, convey the Commonwealth's offer to him. As the PCRA court noted in its opinion, "the issue boiled down to simply whether the [PCRA] court believed the offer had not been conveyed to [Appellant], and [the PCRA court] ruled that it could not accept that allegation and denied the petition." It is well settled that counsel cannot be deemed ineffective for failing to raise a claim that is devoid of merit. *Koehler, supra; accord Commonwealth v. Lawrence, 960 A.2d 473, 478 (Pa.Super.2008), appeal denied, 980 A.2d 606 (Pa.2009).*

Lastly, we note that although Appellant's brief raises two distinct claims of ineffective assistance of trial and appellate counsel, it fails, in large part, to demonstrate that counsel's purported ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *42 Pa.C.S.A. § 9543(a)(2)(ii).*

Accordingly, we conclude the October 4, 2012 opinion of the PCRA court comprehensively discusses and properly disposes of Appellant's ineffective assistance of counsel claims. Therefore, we adopt said opinion as our own for purposes of this appellate review, and affirm the PCRA court's June 8, 2012 order.

*Naples, supra, WL at *2--4* (citations to record omitted). The Court then reproduced the *PCRA* court's opinion in its entirety, it's above concise summation of which will suffice for present purposes. Judge Bowes filed a concurring memorandum agreeing with the majority that the defendant was not entitled to relief but disagreeing with its and the *PCRA* court's rationale pertaining to the waiver of his discretionary sentencing ineffectiveness claim by failing to adequately present it in his pleadings, *Pa.R.A.P. 1925(b)* Statement and brief, believing instead that he "… adequately alerted the PCRA court and this Court of his position that counsel was ineffective in failing to secure review of his outside the guideline range sentence based on its

11

alleged unreasonable excessiveness where the court purportedly did not consider mitigating evidence." *Id. at \*18.* Her Honor then conducted an analysis of that claim under the standards regarding *PCRA* review as set forth by the majority and *PCRA* court and concluded:

> In the context of a discretionary sentencing ineffectiveness claim, unlike the failure to file a requested discretionary appeal, actual prejudice requires that the underlying sentencing issue entitle the petitioner to relief. *Commonwealth v. Jones, 942 A.2d 903 (Pa.Super.2008); Commonwealth v. Lawrence, 960 A.2d 473 (Pa.Super.2008); see also Commonwealth v. Reaves, 923 A.2d 1119 (Pa.2007)* (holding that the failure to preserve a sentencing issue in a post-sentence motion or at sentencing requires a showing of prejudice in the nature of a reasonable probability that the outcome of the sentencing would have been different). In this regard, Appellant cannot establish that had counsel properly preserved and presented a claim that his sentence was unreasonably excessive in light of the trial court's failure to consider mitigating factors, he would have been entitled to re-sentencing.
>
> Instantly, the court had the benefit of a pre-sentence report. Therefore, we are required to presume all sentencing factors were properly weighed. *See [Commonwealth v.] Macias, [968 A.2d 773, 776 (Pa .Super.2009)], at 778; Jones, supra; Commonwealth v. Rhoades, 8 A.3d 912, 919 (Pa.Super.2010)* (when the sentencing court has the benefit of a pre-sentence report it is assumed that the court weighed the appropriate considerations along with mitigating statutory factors). It is apparent that the sentencing court reviewed Appellant's pre-sentence report and was aware of the mitigating issues; it simply chose not to accord them greater weight than other sentencing factors. *See Commonwealth v. Pittman, 737 A.2d 732 (Pa.Super.1999); Rhoades, supra.* Since the court adequately considered the pertinent sentencing factors and merely weighed them in a manner inconsistent with Appellant's desires, I agree he cannot prove prejudice. *See Macias, supra at 778.*

*Id. at \*22–23,* following which the Judge added her agreement with the *PCRA* court's and the majority's findings that plea counsel testified that he did relay the plea offer at issue to the defendant, the *PCRA* court found plea counsel to have been credible and the defendant not, and that the dispositions entered by them were sound. *Id. at \*23.*

All of those previous analyses apply equally to the present claim by simply changing the adjective "discretionary" to "legality" as applied to the aspects of the defendant's sentences. It is unnecessary to reconduct such an analysis in any more detail because his third petition was

12

untimely, none of the *PCRA* timeliness exceptions apply, and the *Alleyne* decision would not apply to his sentences if it wasn't or they did, even if he had been given mandatory sentences. The defendant correctly pointed out that *Alleyne* was decided on June 17, 2013, while the appeal of the disposition of his second petition was pending, he was thereby prohibited from filing another *PCRA* claim based upon *Alleyne* until that appeal's conclusion, and he filed the present third petition less than 60 days after *allocator* was denied with respect to that appeal, which does present a colorable claim that a timeliness exception may have been applicable.

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> \* \* \*
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

*42 Pa.C.S. § 9545(b)*. "We now hold that when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." *Commonwealth v. Lark, 560 Pa. 487, 746 A.2d 585, 588 (2000)*. However, the defendant would not have gotten sixty days from the denial of his request for permission to appeal from the affirmance of the denial of his second *PCRA* petition within which to raise a sentencing issue based on *Alleyne*; he only would have gotten sixty days from the date on which his judgment became final, which was ninety days after his petition for allowance of appeal from the affirmance of his sentence of judgment in the direct appeal was denied by our Supreme Court on December 18, 2007. That would not have availed him anyway because *Alleyne* wasn't decided until over six years later, before which the mandatory sentences were not

13

illegal. "Appellant did not preserve any challenge to his mandatory minimum sentence, his jury trial rights, or the constitutionality of § 9712.1 [mandatory minimum sentences for certain drug offenses committed with firearms], likely because similar challenges had been rejected based on prior United States Supreme Court decisions." *Commonwealth v. Watley*, 2013 PA Super 303, 81 A.3d 108, 117 (2013), appeal denied, 626 Pa. 684, 95 A.3d 277 (2014). Nor can the defendant depend on his argument that an illegal sentencing claim cannot be waived.

> In the case *sub judice*, Appellant was sentenced on July 18, 2005. This Court affirmed the judgment of sentence on October 23, 2007, and our Supreme Court denied *allocator* on May 8, 2008. Appellant did not seek a writ of *certiorari* from the United States Supreme Court. Therefore, Appellant's judgment of sentence became final on August 6, 2008, when the period for Appellant to file a petition for a writ of *certiorari* expired. *See 42 Pa.C.S.A. § 9545(b)(3)* (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"); *U.S. Sup.Ct. R. 13(1)* (stating "a petition for a writ of *certiorari* to review a judgment in any case ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment[ ]"). Therefore, Appellant had until August 6, 2009 to timely file his PCRA petition. As Appellant filed the instant petition on August 8, 2013, it was patently untimely because it was filed more than four years past the deadline. However, Appellant avers that the time-bar exception at *Section 9545(b)(1)(iii)* applies in this case. Specifically, Appellant avers that the United States Supreme Court's decision in *Alleyne* announced a new constitutional right that applies retroactively.
>
> * * *
>
> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. *Commonwealth v. Phillips, 31 A.3d 317, 320 (Pa.Super.2011), appeal denied, 615 Pa. 784, 42 A.3d 1059 (2012), citing Tyler v. Cain, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); see also, e.g., Commonwealth v. Taylor, 933 A.2d 1035, 1042 (Pa.Super.2007)* (stating, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[ ]"), *appeal denied, 597 Pa. 715, 951 A.2d 1163 (2008)*. Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.

14

We are aware that an issue pertaining to *Alleyne* goes to the legality of the sentence. *See Commonwealth v. Newman, 99 A.3d 86, 90 (Pa.Super.2014) (en banc)* (stating, "a challenge to a sentence premised upon *Alleyne* likewise implicates the legality of the sentence and cannot be waived on appeal[ ]"). It is generally true that "this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte.*" *Commonwealth v. Orellana, 86 A.3d 877, 883 n. 7 (Pa.Super.2014)* (citation omitted). However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. *See Commonwealth v. Borovichka, 18 A.3d 1242, 1254 (Pa.Super.2011)* (stating, "[a] challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction[ ]") (citation omitted). As this Court recently noted, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." *Seskey, supra at 242.* As a result, the PCRA court lacked jurisdiction to consider the merits of Appellant's second PCRA petition, as it was untimely filed and no exception was proven. *See [Commonwealth v.] Fears, [624 Pa. 446, 86 A.3d 795, 803 (2014),] [Commonwealth v.] Lawson, [90 A.3d 1 (Pa.Super.2014)].*

*Commonwealth v. Miller, 2014 PA Super 214, 102 A.3d 988, 993, 995–96 (2014), reargument denied Dec. 5, 2014* (citations to record and footnotes omitted). See also *Commonwealth v. Seskey, 2014 PA Super 27, 86 A.3d 237, 241, reargument denied (Apr. 21, 2014), appeal denied, 627 Pa. 765, 101 A.3d 103 (2014)* (" 'Though not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim.' *Commonwealth v. Slotcavage, 939 A.2d 901, 903 (Pa.Super.2007)* (citing *Commonwealth v. Fahy, 558 Pa. 313, 737 A.2d 214, 223 (1999)* ('Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.')"); *Commonwealth v. Cristina, 2015 PA Super 74, 114 A.3d 419, 423 (2015), reversed on other grounds, 131 A.3d 482 (per curiam) (Pa. 2016)*[2] ("The time-bar is

---

[2] "The Petition for Allowance of Appeal is **GRANTED** on the issue of whether Petitioner's sentence violates the prohibition against mandatory life sentences for juvenile offenders announced by the Supreme Court of the United States [and whether that ruling] must be applied retroactively by the States ..." *Id. 131 A.3d at 483.* On remand, the Court ruled that Cristina was clearly entitled to resentencing because in another case it had specifically ruled that the rule prohibiting mandatory life sentences for juvenile offenders was to be applied retroactively. *Commonwealth v.*

15

jurisdictional in nature and, thus, the PCRA court lacks jurisdiction to entertain the Petition, let alone any amendment thereto.") Thus, since none of defendant's trial, direct appeal or prior *PCRA* counsel had any legal basis to object to, challenge on appeal, or submit a *PCRA* claim based on *Alleyne* or mandatory sentences, none of them can be faulted for failing to raise what would clearly have been a meritless claim.

*Finley* counsel's assessments of some of the other claims in the defendant's *pro se* submissions bear noting.

> The Escape case is part of the current PCRA petitions being pursued by petitioner. It is alleged that petitioner assaulted two police officers as he attempted to escape from custody during his preliminary hearing with respect to the Arson case. The hearing was being conducted at the courtroom in the police district ... It is alleged that petitioner fled from the police district – while handcuffed – and ran into a nearby occupied residence where he was caught in an upstairs bedroom.
> * * *
> ... A brief analysis of several of the substantive claims raised by petitioner seems to indicate that, to the extent that the claims of illegal imposition of various sentences are meritorious, petitioner has not suffered prejudice, or this court may correct any patent errors.

> Petitioner seeks post-conviction relief because he claims that in light of, *inter alia*, [*Alleyne*, he] is serving an illegal, unconstitutional mandatory minimum sentence. However, petitioner was not sentenced to any mandatory minimum sentences. The mandatory minimum referenced by the ADA at sentencing was 5 to 10 years imprisonment for the Rape and Attempted Rape cases. However, the court imposed sentences of 10 to 20 years imprisonment on the relevant charges and, therefore, did not impose any mandatory minimum sentences subsequently invalidated by *Alleyne*.

> Petitioner seeks post-conviction relief because he claims that C.F. will testify that petitioner never attempted to rape her. Petitioner has not communicated with C.F. since she provided victim impact testimony at the sentencing hearing in 2002.[3]

> Petitioner seeks post-conviction relief because he claims that the sentences imposed for the charges of burglary and escape are illegal because a sentence cannot be imposed for the crime of burglary and the crime which one intended to commit upon entering the property burglarized. Section 3502 of the Crimes Code

---

*Cristina (memorandum not reported in A.3d)*, No. 601 WDA 2013, 2016 WL 1757237 at *3 (Pa.Super. 2016). Here, of course, there is no doubt that *Alleyne* does not apply retroactively.

[3] The court would also note that her testimony did not contribute to the defendant's convictions. He pled guilty to the charges and whether or not she would have so testified at sentencing is totally irrelevant at this point.

provides that "A person may not be sentenced both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree." Here, separate sentences were imposed for burglary and escape, however, the sentences are of identical length and were ordered to run concurrently. To the extent that this was an error, this court has the power to amend its records, correct mistakes, or correct defects in the record even after 30 days have lapsed since the entry of an order. *Commonwealth v. Cole*, 263 A.2d 339 (Pa. 1970); *Commonwealth v. Klein*, 781 A.2d 1133 (Pa. 2001); *Commonwealth v. Holmes*, 933 A.2d 57 (Pa. 2007). Thus, under the foregoing authority, this honorable court could correct the patent defects in the sentencing order without assuming jurisdiction under the provisions of the PCRA – jurisdiction which is lacking in this case.

Petitioner seeks post-conviction relief because he claims that the sentences imposed for the charges of rape and IDSI are illegal insofar as they arise from a "single act of penetration" and are therefore required to merge. Even assuming *arguendo* that the sentences are required to merge, in these matters separate sentences were imposed for (attempted) rape and IDSI, however, the sentences are of identical length and were ordered to run concurrently with respect to each victim. To the extent that this was an error, this court has the power to amend its records, correct mistakes, or correct defects in the record even after 30 days have lapsed since the entry of an order.

Petitioner seeks post-conviction relief because he claims that the trial court did not have jurisdiction to accept petitioner's plea on the Attempted Rape case because petitioner, aged 18 years and 3 months at the time the crime was committed, was on juvenile probation at that time and less than 21 years of age. While it is true that the juvenile justice system of the Court of Common Pleas retained jurisdiction to provide treatment, rehabilitation and supervision to petitioner, the Criminal Division of the Court of Common Pleas possessed concurrent jurisdiction over petitioner with respect to the crimes committed after his 18th birthday.

The court believes counsel having referred to a court's power to correct the record to have been an abundance of caution. Aside from the fact that any claim of counsel ineffectiveness in failing to raise such sentencing issues should have been raised in his previous *PCRA* proceeding and were, thus, waived, while the defendant did enter the burglary victim's residence in continuance of his escape, the escape was not "the crime which [he] intended to commit upon entering the property burglarized." He had already committed the escape when he assaulted two police officers and ran out of the police administration building to elude lawful custody; even though

17

his entry was an attempt to continue that escape, the crime he intended to commit upon entering the property was obviously to avoid recapture and could possibly have been any number of others, one being perhaps to acquire something to use as a weapon to further facilitate his escape. In any event, the Commonwealth was not required to prove any intended crime.

> Under Pennsylvania law the crime of burglary is defined as an unauthorized entry with the intent to commit a crime after entry. *18 Pa.C.S. § 3502; Commonwealth v. Wilamowski, 534 Pa. 373, 633 A.2d 141 (1993)*. The intent to commit *a crime* after entry may be inferred from the circumstances surrounding the incident. *Commonwealth v. Hardick, 475 Pa. 475, 380 A.2d 1235 (1977); Commonwealth v. Wilamowski, 534 Pa. 373, 633 A.2d 141 (1993)*. This intent may be inferred from actions as well as words. However, actions must bear a reasonable relation to the commission of a crime.
> * * *
> Once Appellant has entered the private residence by criminal means we can infer that Appellant intended a criminal purpose based upon the totality of the circumstances. ...
> * * *
> Accordingly, we hold that in order to secure a conviction for burglary, the Commonwealth is not required to allege or prove what particular crime Appellant intended to commit after his forcible entry into the private residence. ...

*Commonwealth v. Alston, 539 Pa. 202, 651 A.2d 1092, 1094-95 (1994)*. Therefore, the sentences for those admittedly temporally concurrent but legally separate criminal acts were not illegal. As for the rape, attempted rape and the two IDSIs, the defendant was given a single sentence for those charges, the former for the kidnapping as well, in addition to separate sentences for two charges of corruption of the morals of a miner. Therefore, the crimes for which he claims he was sentenced illegally were, in fact, merged.

> On bill 0107-1246, which involves three felonies [against BC], a Rape, I.D.S.I., Kidnapping and Corruption of the Morals of a Minor - - on the three felonies, the Rape, I.D.S.I., and Kidnapping, he's sentenced to 20 years. ...
> * * *
> The total effect of that is that based upon the Complaints of [CF], he's doing 10 to 20 years. When he finishes that, based upon the Complaints of [BC], he'll be doing 10 to 20 years ...

Notes of Testimony, Deferred Sentencing, August 20, 2002, pp. 57, 58. In any event, it can be

18

proper for a court to issue separate sentences for rape and ISDI.

In *Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932)*, the Supreme Court set forth the definitive test for determining when conduct in violation of more than one statute must be treated as the "same offense" for double jeopardy purposes: "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." That is, more than one offense may be found and punished in any given act or transaction only where each offense requires proof of an element not contained in the other(s). *Id* [Sale of morphine hydrochloride not in or from original stamped package, and without written order, held two separate offenses, although transaction was same].

\* \* \*

... "The assumption underlying the rule is that Congress *ordinarily* does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the 'same offense,' they are construed not to authorize cumulative punishments *in the absence of a clear indication of contrary legislative intent.*" *Whalen v. United States, 445 U.S. 684, 691–92, 100 S.Ct. 1432, 1437–38, 63 L.Ed.2d 715, 723–24 (1980)* (emphasis added) [single, undifferentiated act of possessing one gun supported two discrete sentences for separate firearms violations without offending double jeopardy].

> Where ... a legislature specifically authorizes cumulative punishment under two statutes, *regardless of whether those two statutes proscribe the "same" conduct under Blockburger,* a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

*Missouri v. Hunter, 459 U.S. 359, 368–69, 103 S.Ct. 673, 679, 74 L.Ed.2d 535, 544 (1983)* (emphasis added) [being sentenced for both robbery in first degree and armed criminal action did not violate double jeopardy where Missouri legislature intended that punishment for both violations be cumulative].

\* \* \*

... *Commonwealth v. Wojciechowski, 285 Pa.Super. 1, 9, 426 A.2d 674, 678 (1981)* (allocatur denied) (separate sentences for rape, involuntary deviate sexual intercourse, indecent assault, and unlawful restraint based on single sexual attack were warranted; "[i]t is unthinkable that a woman, once having been raped, is in the position where her attacker can then abuse her in any other fashion sexually ... without incurring further sanctions for these separate and distinct crimes"); *accord, Commonwealth v. Pifer, 284 Pa.Super. 170, 425 A.2d 757 (1981).*

*Commonwealth v. Williams, 344 Pa. Super. 108, 496 A.2d 31, 36, 37, 42 (1985) (en banc).*

Counsel correctly cited the principle that "Because in both of these cases the errors in question

were patent, we determine that the trial courts had jurisdiction to correct the [illegal] sentences."

*Holmes, supra, A.2d at 58 (2007)*. Here, however, there were no defects to correct. Wherefore, the court's denial of the defendant's third *PCRA* petition should be affirmed.

BY THE COURT:

WILLIAM MAZZOLA, J.

20